Case number 23-3686, Patrick Reed v. Harold May. Argument not to exceed 15 minutes per side. Mr. Smith, you may proceed for the appellate. You have rebuttal time reserved? Yes. Good afternoon, and may it please the court. Aaron Smith on behalf of Petitioner Patrick Reed. I'd like to request four minutes for rebuttal. Crawford clearly established a baseline principle that the admission of testimonial incriminating statements from an out-of-court declarant violate the Confrontation Clause. And when the government asserts that the statement is being admitted for a purpose other than the truth, Crawford footnote nine and street require that the statement be a necessary part of a legitimate purpose, that there be no alternatives that could equally show that purpose. The state court unreasonably applied these principles in this case when it admitted an out-of-court incriminating statement from an anonymous informant that was not necessary to explain why the police searched the roof. The Seventh, Fifth, and Second Circuits have all granted habeas relief in this or similar contexts. This court has consistently understood Crawford and applied it in the same way. And the error here was not harmless. For these reasons, this court should reverse and grant the writ. Turning to the Confrontation Clause error, starting there. Can I just start with Gibbs? The decision from our court, it seems to be fairly similar to this case. There was a hearsay statement that somebody had told the officers that a rifle or some other type of weapon would be found. In the defendant's room. And we said that there was no error to that statement because it was used to show why the officer searched the room. It seems to me the analogy is somewhat striking. That it's an anonymous tip that there will be a can on the roof. And they use that as the basis for why the officer searched the roof. So how do you distinguish Gibbs? So I would point to other cases like Cromer and Hearn, where there's a facially incriminating statement that's directly connecting the defendant and the alleged crime. And moreover, the question is, in part, whether the incriminating statement is necessary to help the jury understand the alleged background context. So here, the jury would have perfectly understood the reasons why the police searched the roof. If Detective Brotherton had, for example, testified that they acted upon and searched the roof because they had information that there were cans on the roof or drugs on the roof, the jury would have equally understood the context that the government says was necessary to dispel. But didn't the statement in Gibbs say that the defendant had the rifles in his room? That they specifically mentioned the defendant and not just the mere fact that there might be rifles in the room? I may be mistaken about this, but I thought so. It may have. I might want to double check, Your Honor. And there are circumstances where providing that sort of statement may be necessary. So Judge Easterbrook explained in Silva, which the Seventh Circuit relied upon, if the propriety of the search, for example, is called into question, that may be a different analysis and lead to a different result under Crawford. Because like the incriminating statement in Street, you may need that statement in order to explain to the jury and allow the prosecution to rebut a defense that's being raised. But here, Mr. Reed did not question the reasons why the police searched the roof. And so in that context, there's simply no purpose other than proving the truth of the matter asserted for admitting or using the incriminating statement from the anonymous informant. And this court's case is appropriate. So the legal rule dividing this case between Gibbs is that it's necessary to show why they did something when something might be challenged? I think that's one way. That's the way Judge Easterbrook looked at it. And I think that's a reasonable way to look at this sort of. Since this is under EdPET review, what Supreme Court case would you rely on that would clearly establish this fine distinction that you are making? Right, I would point to Crawford and Street. So I think those two cases together clearly establish principles. And then there's only one way to reasonably apply those principles. Do you think that those two general principles would distinguish this case from Gibbs? Yes, I do. And Crawford establishes this baseline principle that testimonial, which is conceded here, incriminating statements violate the confrontation clause when they're admitted. Justice Scalia said again and again that testimonial inculpatory statements are where the protections of the confrontation clause are most urgent. That's where they're triggered. He also admonished that there are no open-ended exceptions that should be created by the court from the confrontation. We have two other cases, at least, Mead, which talks about this is motorcycles being stolen. And the police reports were introduced to show why they conducted the investigation. Presumably, the defendant there was not contesting that someone had a motorcycle stolen. They were only contesting that they were the ones. And Judge Cole said, or no, it was Judge Daughtry, when admitted for this purpose, the police reports were not introduced as proof that the motorcycles were stolen. Rather, as the government explained, the reports were offered to corroborate the officer's investigation and reconstruct his investigative chain. So what do we do with a case like that? And then Judge Cole has a similar case where an agent, this is Warman, agent testified that confidential informant told him that the defendant was in a motorcycle gang. Agent discussed various gang members' roles in selling drugs based on the info he obtained. And Judge Cole said, finally, although the remaining They were not offered for the truth of the matter asserted, but rather merely to provide background about the FBI's investigation of the OMC and Warman. Right, so I think in Meade, the court was distinguishing between facially incriminating statements and non-incriminating statements. So when the officer was simply testifying about other gang-related activity that led to the search, that's not incriminating the defendant in the specific crime at issue. By contrast, where the statement is facially incriminating. But then what do you do with Warman? Because that is, right? It's explaining why he's in the gang. I'm not sure if Warman fits within that rubric, at least where the propriety of the search is not being questioned and there's a facially incriminating statement, which is what we have here. And Cromer and Hurd may. I'm sorry to interrupt you, but Warman, there was no search, right? It's Warman saying why we did the investigation of this gang and Warman. That's what I'm struggling with, is it has nothing to do with that. And it directly, or at least indirectly, implicates Warman. Right, so I think an indirect implication, though, is not a facially incriminating statement, like the one that we have. Well, the defendant's in the motorcycle gang. I guess that's not that indirect. I think it might depend on the charge. But if it's facially incriminating, then we fall directly under Crawford. And this court has applied that rule again and again. And Cromer decided mere months after Crawford. And Hurd, which included a limiting instruction. And in other cases as well, such as Judge Boggs' opinion and Jones, where he said when there's a facially incriminating statement, and there's no dispute over the background reasons why police took certain steps, there's only one conclusion, which is to say that the statement was for the truth of the matter asserted. And at a minimum, I think you would say the statement has mixed purposes, potentially. So as in Street, a statement might be used in part for background context, or it could be used by the jury for the truth of the matter asserted. And in Street, the Supreme Court said, in that situation, we cannot use limiting instructions unless doing so is necessary to the quote unquote legitimate purpose other than the truth of the matter asserted. And there are no alternatives. So that analysis applied here leads to only one outcome. The jury could have perfectly well understood the reasons for the search if the officer had omitted the incriminating information from the anonymous informant, pointing the finger at Mr. who possessed the drugs on the roof. So I think Street, rather than helping the warden, forecloses the state court's application here and leads to habeas relief. So you think Crawford doesn't use the phrase? Does it use the phrase facially incriminating? It uses the words inculpating and incriminating. I think that ties back to the text of the Sixth Amendment itself, which is witnesses against the defendant. How could all these statements incriminate? And I think Justice Scalia and Richardson, though, further distinguished between facially incriminating statements and non-facially incriminating statements, where he recognized when there's a facially incriminating statement, the statement is vivid and is difficult for the jury to do anything other than to infer guilt from that statement. And this is the reasoning of the Seventh Circuit in Joneses versus Bassinger, the Fifth Circuit in Taylor versus Cain. These courts recognize that under clearly established law, there's only one way to treat. And let me give you an even better one. We have a case called Noel v. US. And the confidential informant tells them that the drug transaction occurred in the defendant's home to establish why the officer sought a warrant. And then our quote is, the record indicates the confidential informant's information regarding the purchase of drugs at Noel's residence was offered to explain why, here are the officers, Guerrero and Larrison, sought warrants to search Noel's residence not to prove that drug purchases occurred. I'm not sure if that case was cited, so I'm not sure if I've. It was not, to be fair. So I'm not aware of that case. I'm more than happy to review it and submit something supplemental if it would help the court. But I don't think that that. I agree, that seems on all fours, at least with what I told you. If I'm wrong, then that's a different question. Sure. Perhaps. It did seem like it may be facially incriminating. I would need to understand whether the reasons for the search were caught into question or whether the statement was facially incriminating or rather indirectly incriminating. I see my time has expired unless the court has further questions. Thank you. You'll have your rebuttal.  May it please the court, I am Hilda Rosenberg, representing the warden. The admission by the state of the gutter tip did not violate Mr. Reed's constitutional right to confront his accuser because A, it was not hearsay and Crawford does not relate to statements that are not hearsay, and B, the court issued a contemporaneous jury instruction, which said that you are not to consider this statement for the matter asserted, but rather to only show the conduct of the investigation. And that statement was clear and simple. And in fact, the Supreme Court has acknowledged that a jury instruction is generally sufficient to avoid confrontation clause errors. And that is because the jury is presumed to follow that instruction. What do you think, are there any limiting principles to this topic? I could see this line of, or this theory being used to really kind of scale back confrontation clause rights. You could say, you could admit all sorts of incriminating hearsay statements, like why did you bring in that defendant for questioning? Well, we had 10 witnesses saying that he's the one that pulled the trigger that murdered the victim. Yes. And you get all those 10 statements in. So do you agree that there is some type of limiting principle to the use of this for investigation rather than for the truth of the matter in question? Yes. There are limiting principles. And one of them is how the prosecutor used the statements in the case. And a lot of these cases do look at that. Because a jury instruction is only as effective as it's being followed. And if the prosecutor is saying something entirely different, then that's going to make it inadequate. And I'd also like to stress that the other very important exception to this whole issue of whether a jury instruction is effective was expressed by the Supreme Court in Brewton. There, the state tried to admit an accomplice's confession or a statement. And the same was true in Street and in Richardson. And those cases, the Supreme Court has been very concerned about the jury actually being able to follow the instruction, which I think is your concern. Well, I don't know that. Your response to me was essentially, as long as there's an instruction and as long as you say you're only using it for the investigation, that's enough to protect from confrontation cause concerns. But I mean, you could see kind of extreme hypotheticals where you get a lot of hearsay into evidence and just claim that the reason you're introducing it is to show why the officers did something, when it's quite powerful and prejudicial to the defendant's case. And the defendant didn't get to cross-examine my hypothetical. There was just 10 hearsay statements about eyewitness statements implicating them. And all you have to do is frame it in terms of, well, that's why we questioned the defendant versus saying that, oh yeah, that proves his guilt. And you still get the same answer. Well, first of all, in a habeas case, the issue is, do you have a Supreme Court case that is clearly established which would, in fact, render the admission of those statements under those circumstances unreasonable? Well, yeah, well, then frame that under Williams v. Illinois and Crawford itself. I'm struggling with, we've got three sister circuits that have made it very clear that use of this avenue can effectively gut the right to confrontation of someone who, you would agree with me this was a testimonial statement, right? Yes. Yes, it was. And that it came from an officer, not from the person who said it, who did not appear. That person has never been cross-examined, right? Why doesn't this fit within the Seventh Circuit's Jones and Taylor in the Fifth Circuit and Orlando in the Second Circuit that have just found that it's an unreasonable application of Supreme Court precedent to allow police officers to testify about accusations made to them, even if those are a part of their background or investigation? Those cases are distinguishable for the very important reason that the prosecutor used the statements for purposes of showing the truth of the statements. Well, isn't that the allegation or the argument of your opposing counsel, that that is exactly what was done here? It would be very simple to have said, we have a search warrant, we're looking in the garage, we're looking in the roof, but that's not what was testified to, right? That is true, but that was accompanied by a jury instruction, which said, you may not consider this for proof. A very loosely worded jury instruction, and it's your position that any time the court says, oh, you just heard this hearsay testimony accusing that person of doing this. But you can't just consider it for context. I think these cases say you can't do that. I think these cases say, if the prosecutor is not keeping within that, then that is a problem for the confrontation court. And why isn't it a problem here? Because here, the prosecutor was very respectful of the court's instruction that the statement was only to be used for its non-hearsay purpose. Well, it's not the prosecutor. The prosecutor already let the cat out of the bag by asking the question and having it testified before the jury. So it is the jury that is the concern, whether they understand and whether they see that there is what Williams, the Supreme Court, would call distinctive and limited non-hearsay purpose for the evidence. And it means that it's, my understanding of these cases is that it can't just be duplicative of other statements in the record, we searched the roof or we searched the garage. It has to have its own necessary purpose. And I'm struggling with seeing that in Jones, and Taylor, and in Orlando, and in this case. Well, I would suggest that the only time that I am aware of where there was a necessity requirement was in a Bruton situation, such as Street. And there the court said, we're allowing this very incriminating statement in, which was the confession of the accomplice, but only because there is a necessity. That is, it was to show that the defendant was not coerced into making his statement. But I don't see the necessity requirement in Crawford. And I think the Supreme Court has made it clear that the jury instruction is generally sufficient to protect against confrontation clause errors. Can I ask you a question? Mr. Smith makes the point that, hey, we didn't contest the search here. Search was fine. They searched. Why do you need to explain why you searched the gutter but to implicate the defendant? There's no other reason. Because you could just say, we searched. Here's where we discovered everything. Yes, the state certainly could have said that. But I think my, and I'm speculating now, that the prosecutor wanted to explain why the roof was searched. But you see how it strikes us, what Judge Murphy was getting at, it strikes us as odd that this statement, which no one's contesting that the search was proper, you can say where you discovered things. If the defendant takes issue with you discovering it on the roof, maybe it opens the door. But otherwise, it seems the statement is used, as prosecutors used to say, just to dirty him up, in other words. And I think that the prosecutor's attitude throughout the trial with respect to this statement shows that that was not true. In the closing argument, the prosecutor never mentioned this tip. And she still had to prove possession of the drugs on the roof. Instead, she focused on the evidence tying Mr. Reed to the house, the drug paraphernalia in the house. And that was it. And the state court found that there was, in fact, sufficient evidence of constructive possession by Mr. Reed. Because they found that the two elements were satisfied, that he exercised control over the drugs, and that he showed a consciousness of the presence of the drugs. And they did that, the state did that, because his demeanor changed when they said they were about to search the roof. And because there was a lot of evidence that he engaged in drug activity from the house. And then why was it needed for the police officer to testify that the confidential informant told us he put his drugs there? Isn't that the struggle that we were talking about? Is there a relevant, distinctive, and limited, non-hearsay purpose for the evidence that is needed? In this record, I don't see, based on the argument you're making now, the necessity of having an effective confession, or an effective pointing finger directly at that defendant, when there is other evidence in the record. It does not qualify as having needed relevance in this case. And that's where Tennessee v. Street simply says, in that situation, the jury is just going to take the evidence for the truth, even if there is an instruction. Isn't that Supreme Court precedent? Tennessee v. Street does not say that. The court is concerned about that. But the court still allowed the evidence in with a jury instruction. And the necessity requirement was only in Street, because the evidence was probably so very incriminating. And the court did not totally, in fact, they said it in Gruden, under these circumstances, we're not sure if the jury is going to be able to follow the instructions. But that certainly wasn't true in the Reed case. There was no reason the jury couldn't follow the instructions. And juries generally do follow instructions. And again, that is compounded by the fact that the state mentioned it maybe once in passing, in opening, but never, ever relied on it in closing or in questioning any of the witnesses in this case. And moreover, alternatively, we would argue that this was harmless, the error under the Brecht standard, because it did not have a substantial and injurious effect on the verdict. And that was because there was substantial, incompetent, circumstantial evidence, which is enough to support conviction. But wasn't this the only direct evidence? Yes, it was. Isn't direct evidence in a different category from circumstantial evidence? Not according to this court. This court has said that circumstantial evidence, if substantial and competent, may support a verdict and need not remove every reasonable hypothesis except that of guilt. And I think your time is up. We thank you for your arguments. Thank you. Mr. Smith, do you know where that little thing went? Can you pick up the light for us? Sorry, don't start a time, please. Is it this? Yeah, yeah. Thank you very much. Sure. So a few points, Your Honors. First, Judge DeParde to pick up on our conversation. Warmith supports us. So at pages 346 and 47, the court distinguishes two different types of statements. One would be testimony about why the officer, someone became an informant, and why the defendant came to the attention of the officers. It was not an incriminating statement, no confrontation cause violation. On page 347, this court explained where the officer's statement identifying Worman as a supplier of narcotics, that statement was different because it goes to the element of the crime. It's incriminating and goes to the element of the crime. I guess the problem is you may be able to find statements like that. I wouldn't even dispute that. I think that sounds right to me. But it's just that our cases are all over the map. So how can we say the Ohio court under ADPA erred? If our cases can't figure this out, how can we say they are so clearly erred? I think this court's cases have figured it out by dividing, by using that exact distinguishing feature, where there's the facially incriminating statement that flows from Crawford and from Street, where Crawford says, inculpatory information is the thing that triggers confrontation clause protection most urgently. And then Street says you- But like in Gibbs, it was incriminating that he had, so he couldn't possess weapons. It was just a different weapon. So you would say that it wasn't facially incriminating in Gibbs because it was a statement about other weapons that he may have possessed, but he wasn't on trial for those weapons. He was on trial for a handgun? Right. I think that's right. That creates an incredible loophole, especially in drug cases, where they find drugs everywhere. They can just say, OK, he had drugs on the roof. And then, no, he had drugs in the home. And then that statement comes in because they never charged the drugs on the roof. They just charged the drugs in the home. I know that's not this case, but I'm just saying, if that's the line, it seems absurd to me. No, I think the statement could still come in if it's relevant and if there is someone who is available to be cross-examined. But where it's facially incriminating- That doesn't deal with Gibbs. I mean, Gibbs is, here's gun one. Here's four other guns, or whatever it is. We're charging the four other guns, but we're introducing this. That's, I mean, it's identical to the hypo I just gave you. Drugs on the roof, drugs in the house. The statement's only about drugs on the roof. That comes in because it's not incriminating of the drugs. That seems problematic to me. But this case is distinct because the prosecution is charging Mr. Reed with the possession of the drugs on the roof. And if this- But that's the line we have to draw for- The line seems to be you're drawing is, is it harmful to the case versus really harmful? And I don't know that I see in a Supreme Court precedent this line. That's the concern I have with that. I don't think that's the line. I think the line would be, is it inculpating? If yes, we need cross-examination unless the street conditions are met. Meaning the incriminating statement can come in if it's necessary to the legitimate purpose other than the truth, and if there are no alternatives. So in street, the court said, you can introduce the co-defendant's confession because that's necessary for the jury to figure out whether to impeach the defendant and say that the coercion claim he was raising was not truthful. But here there's no reason to introduce the incriminating statement in order to figure out whether the police searched the roof for some proper reason. And then my friend on the other side suggested this would be harmless error. I would point to Miller and Rayner where this court has again and again held that a confrontation clause error is not harmless, where it leaves the prosecution only with circumstantial evidence, including where it's limited and no physical evidence. Here there was no DNA, no fingerprints, no direct evidence connecting Mr. Reed to the drugs for which he is serving 13 years. Which would satisfy all the Van Arsdale factors. Factors one, two, three, and five. That would leave factor four, which is the extent of cross-examination. Here there was none. None. And Rayner said that that factor strongly favors the petitioner under harmless error analysis. Thank you. Thank you. I see that you are serving under the Criminal Justice Act and we want to thank you. We want to thank both of you for your arguments, but it's particularly important to our court that people are willing to give their time and their efforts under the CJA to represent people who would not have representation otherwise. And we thank you for that. Thank you, Your Honor. It was my privilege. The case will be taken under advisement and an opinion will be issued in due course. You may call the next case.